Robert MARTARELLA, by his next friend and law Guardian, Charles Schinitsky, et al., Plaintiffs,

v.

Hon. Joseph B. WILLIAMS, Administrative Judge of the Family Court, The Family Court Judges of the City and State of New York; Frank Hall, in his official capacity as Director of the New York State Division for Youth; New York State Division For Youth; Paul A. Strasburg, in his official capacity as the Commissioner of Juvenile Justice and head of the New York City Department of Juvenile Justice; and New York City Department of Juvenile Justice, Defendants.

No. 71 Civ. 3159(MEL).

United States District Court, S.D. New York.

March 3, 1983.

**110**

Lenore Gittis, The Legal Aid Society, Juvenile Rights Div., New York City, for plaintiffs; Steven G. Asin, Janet R. Fink, New York City, of counsel.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for State defendants; Florence E. Abrams, Asst. Atty. Gen., New York City, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for Municipal defendants; Antonia Levine, Asst. Corp. Counsel, New York City, of counsel.

LASKER, District Judge.

In 1972 this Court held that children designated as Persons In Need of Supervision ("PINS"), who were being held at various juvenile facilities including Spofford Juvenile Center ("Spofford"), have a constitutional right to treatment as a *"quid pro quo"* for New York City's exercise of *parens patriae* control over them. See *Martarella v. Kelley,* 349 F.Supp. 575 (S.D.N.Y. 1972); *Martarella v. Kelley,* 359 F.Supp. 478 (S.D.N.Y.1973). A decree was subsequently entered specifying the conditions under which PINS could be held at Spofford. (Order of March 26, 1975). A class comprised of "all children who now or in the future are held in Spofford Juvenile Center and who allege a violation or violations of" the 1975 order now moves for enforcement of the order, alleging that city and state officials responsible for Spofford are not in compliance with the order. Assuming enforcement to be in order, the class also moves further for partial summary judgment on the issues of staff-to-inmate ratios, frequency of case conferences, and procedures for placement of juveniles into living units. The municipal defendants cross-move to vacate the decree, contending, *inter alia,* that because Spofford currently houses only juvenile delinquents and juvenile offenders, not PINS,[1] the order is now moot.

---

1. A *"person in need of supervision"* and *"juvenile delinquent"* are defined in the New York Family Court Act, § 712 (McKinney, Supp. Pamphlet 1976–1981) as follows:

   "(a) 'Juvenile Delinquent'. A person over seven and less than sixteen years of age who, having done an act that would constitute a crime, (i) is not criminally responsible for such conduct by reason of infancy, or (ii) is the defendant in an action ordered removed from a criminal court to the family court pursuant to article seven hundred twenty-five of the criminal procedure law.

   (b) 'Person in need of supervision'. A male less than sixteen years of age and a female less than eighteen years of age who does not attend school in accord with the provisions of part one of article sixty-five of the education

   law or who is incorrigible, ungovernable or habitually disobedient and beyond the lawful control of parent or other lawful authority or who violates the provisions of section 221.05 of the penal law."

   "Juvenile offenders," a legal category that did not exist at the time of the original judgment in this action, are juveniles age 13, 14, or 15 who are charged with one of a list of enumerated serious felonies. New York Criminal Procedure Law § 1.20(42) (McKinney, Supp. Pamphlet 1972–81). Juvenile offenders are tried in criminal court rather than in family court, but are eligible for special provisions regarding sentencing and other matters. *See* New York Criminal Procedure Law § 720.10 *et seq.* (McKinney, Supp. 1982–83).

In response to municipal defendants' claim of mootness, movants argue that the 1975 order applied to all children housed at Spofford regardless of their status; that even if the order applies only to PINS the rationale that resulted in the Court's order applies equally to juvenile delinquents and juvenile offenders; that plaintiffs are entitled to enforce the order under F.R.Civ.Pr. 71 because although they were not parties to the action the order was entered in their favor; and that in any event the parties in the past have acted on the assumption that the order applies to all children housed at Spofford and therefore the City should not now be heard to deny the applicability of the order.

The movants' application for enforcement of the Court's order and the municipal defendants' motion for vacatur of the order must both be denied. The plaintiff class that was originally certified in this case consisted solely of PINS, children who are not accused of any criminal wrongdoing but instead are detained by the city, in general, on account of truancy or incorrigibility. *See* New York Family Court Act § 712(b) (McKinney, Supp. Pamphlet 1976–1981). Juvenile delinquents and juvenile offenders, on the other hand, are charged with actions which, if committed by adults, would subject them to criminal sanctions. *See* New York Family Court Act § 712(a) (McKinney, Supp. Pamphlet 1976–1981) (juvenile delinquents); New York Criminal Procedure Law § 1.20(42) (McKinney, Supp. Pamphlet 1972–1981) (juvenile offenders). While the Court's order does generally refer to "children" rather than specifically to PINS, its language cannot properly be read to have extended the Court's holding beyond the particular class of plaintiffs that prosecuted the action. Nor does footnote one in the Court's original opinion, upon which the current movants heavily rely, support the conclusion that the remedies ordered by the Court are applicable to all juveniles housed

at Spofford regardless of their status. It is true that the footnote noted that PINS and juvenile delinquents were then being housed together at Spofford, and that the improvements ordered for PINS "should not be at the expense of JD's by diverting personnel to one group exclusively." 359 F.Supp. at 481 n. 1. However, that comment merely acknowledged the practical realities connected with the fact that PINS were housed with juvenile delinquents rather than segregated in their own facility, and did not constitute a holding on the question whether juvenile delinquents are constitutionally entitled to the same rights as PINS regarding conditions of confinement.

■ Because the moving parties are not members of the plaintiff class as to whom relief was ordered, they do not have standing to ask for enforcement of the order. Such a conclusion does not, of course, constitute a decision on the question whether juvenile delinquents and/or juvenile offenders—*i.e.,* the class of children *now* housed at Spofford—themselves have a constitutional right to the treatment. Indeed, in *Pena v. New York State Division for Youth,* 419 F.Supp. 203, 206–207 (S.D.N.Y.1976), *enforced* (S.D.N.Y.1982), it was held that juvenile delinquents do have such a constitutional right.[2] Our ruling on the instant motion establishes only that the existence of such a right, and the proper remedy to be enforced if conditions at Spofford are violative of that right, are issues that cannot be pursued in a proceeding to enforce the Court's 1975 order in this case, although they may be litigated in a plenary suit.

In light of this conclusion, the movants' argument based upon F.R.Civ.Pr. 71 must also be rejected since the movants are not persons in whose favor the order upon which they base this proceeding was granted. Similarly, taking as true the movants' contention that the parties have in the past

2. We are aware that New York courts have, at least in dicta, commented on the right of juvenile delinquents to treatment. *See Matter of Quinton A.,* 49 N.Y.2d 328, 425 N.Y.S.2d 788, 402 N.E.2d 126 (1980); *Sinhogar v. Parry,* 74 A.D.2d 204, 427 N.Y.S.2d 216, 222–23 (1st Dept.1980). None of these cases, however, holds that juvenile delinquents and/or juvenile offenders have a federal constitutional right to treatment.

acted on the assumption that the order applies to all juveniles housed at Spofford regardless of their status, this fact cannot operate to expand the Court's order to apply to persons who were not before the Court in the prior proceeding.

■ However, although the movants are not entitled to enforce the Court's 1975 order in this case, it does not follow that the order should be vacated. The municipal defendants have offered no guarantee that PINS may not in the future again be housed at Spofford. Hence, there is no basis for the extraordinary step of rescinding an order developed as a result of extensive litigation and dealing with rights that future members of the class of plaintiffs may be entitled to enforce.

For the foregoing reasons, movants' application for enforcement of the 1975 order is denied, as is municipal defendants' motion to vacate the order. Plaintiffs' and state defendants'[3] motions for partial summary judgment are denied as moot in light of the ruling announced here.

It is so ordered.

---

**3.** The state defendants have cross-moved for partial summary judgment on several grounds, including the contention that the state is not legally responsible for the conditions at Spofford about which plaintiffs complain.